IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01237-ZLW

VINCENT TODD MARTIN

      Plaintiff,

v.

[INTENDED DEFENDANTS NOT CLEAR FROM CAPTION OF COMPLAINT],

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the motion to reopen (ECF No. 11) that

Plaintiff, Vincent Todd Martin, filed *pro se* on January 6, 2014.  The Court must construe

the motion to reopen liberally because Mr. Martin is not represented by an attorney.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reopen will be

treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure, and denied.

A litigant subject to an adverse judgment and who seeks reconsideration by the

district court of that adverse judgment may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  A motion to

reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a

motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed

within the limit set forth under Rule 59(e)).  Mr. Martin's motion was filed more than

twenty-eight days after the Court's Order of Dismissal (ECF No. 6) and Judgment (ECF

No. 7) were entered on July 9, 2009.  Therefore, the motion will be construed as a

motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

On July 9, 2009, the Court dismissed the instant action without prejudice for Mr.

Martin's failure to cure deficiencies and failure to prosecute.  The July 9 dismissal order

discusses in detail the reasons for the dismissal.  Mr. Martin's motion to reconsider fails

to address those reasons.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See*

*Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir.

1994).  After review of the motion and the entire file, the Court finds that Mr. Martin fails

to demonstrate some reason why the Court should reconsider and vacate the order to

dismiss this action.  Mr. Martin's Fed. R. Civ. P. 60(b) motion does not alter the Court's

conclusion that this action properly was dismissed.  Therefore, the Fed. R. Civ. P. 60(b)

motion will be denied.

Accordingly, it is

ORDERED that the motion to reopen (ECF No. 11) that Plaintiff, Vincent Todd Martin, filed *pro se* on January 6, 2014, and which the Court has treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  8th  day of ___January___, 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court